NO. 07-99-0015-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 6, 2000

______________________________

PAUL MCDANIEL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

________________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B-9057; HONORABLE MARVIN M. MARSHALL, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Paul McDaniel appeals from the revocation of his probation.  He asserts that (1) he was not given credit for all the time he served before revocation; (2) his plea of true to the allegations of the motion to revoke was not voluntarily and knowingly made because of ineffective assistance of counsel; (3) the evidence was factually insufficient to support revocation; and (4) the trial court abused its discretion in revoking his probation.  We modify the judgment to give appellant credit for time served, and as modified, affirm the trial court’s judgment.

I.  GENERAL BACKGROUND

Pursuant to a plea bargain, appellant was adjudged guilty of delivery of marijuana.  He was sentenced to eight years confinement in the Texas Department of Corrections, and fined $3,500.  The confinement part of his sentence was probated for eight years.  Judgment of conviction was dated November 19, 1985. 

Subsequent to entry of the 1985 judgment, the State filed several motions to revoke appellant’s probation.  As a consequence of the first six revocation motions and hearings, appellant’s probation was extended to ten years, but was not revoked.  On December 4, 1995, the State’s seventh motion to revoke was heard.  Appellant pled true to allegations that he violated conditions of his probation by failing to report to his probation officer, and failing to make restitution and supervision fee payments which were conditions of his probation.  In addition to appellant’s pleading true after being admonished by the trial court, the trial court took evidence at the revocation hearing.  The judgment revoking probation recites that, after a hearing was held and testimony heard, the court determined that appellant had willfully and intentionally violated the conditions of his probation.  The original sentence of eight years confinement was imposed.  

Following the granting of an out-of-time appeal by the Court of Criminal Appeals, appellant timely filed a motion for new trial and perfected appeal.  The trial court held an evidentiary hearing on appellant’s motion for new trial, at which appellant and the attorney who represented him at his revocation hearing (“revocation counsel”) testified.  No other evidence or testimony was adduced.
(footnote: 1)  The argument made and testimony offered by appellant was directed to appellant’s claim that his pleading true to the allegations made the basis of the State’s motion to revoke was because his counsel did not fully advise him of law (1) giving the trial court discretion to reduce his felony conviction to a misdemeanor, or (2) allowing the trial court to reduce appellant’s original sentence.  Appellant testified at the new trial hearing that had he been advised of such laws by his attorney, he would not have pled true, and would have required the State to prove its case.  He maintained that he was not guilty of the actions alleged by the State to have been violations of his conditions of probation, but pled true in hope of obtaining discharge from his probation.  The motion for new trial was overruled by operation of law.  

By four issues appellant asserts that (1) he was not given credit for all the time he served in jail before revocation; (2) his plea of true was not voluntarily and knowingly made because his counsel failed to fully advise him of the options available to the judge to reduce his sentence to less than the originally-assessed eight years confinement, and such failure was ineffective assistance of counsel; (3) the evidence was factually insufficient to support revocation; and (4) the trial court abused its discretion in revoking his probation.   The State agrees that appellant should receive credit for 444 days served, as urged by appellant in his first issue.  As to appellant’s second issue, the State maintains that counsel for appellant rendered effective assistance, counsel employed a reasonable trial strategy in connection with the revocation hearing, appellant’s plea of true was part of a knowing, agreed trial strategy between appellant and his attorney, and in any event appellant testified to his alleged defenses at the revocation hearing, yet was found in violation of probation conditions by the trial judge.  The State responds to appellant’s third and fourth issues by asserting that under appropriate standards of review, the evidence was factually sufficient to support the trial court’s findings and the trial court did not abuse its discretion. 

    Based on the State’s agreement that appellant is entitled to 444 days of credit for time served, we sustain appellant’s first issue.  We disagree with appellant’s second, third and fourth issues.  We address the second, third and fourth issues sequentially.  

II.  TRUE PLEA INVOLUNTARY BECAUSE OF 

    INEFFECTIVE ASSISTANCE OF COUNSEL

A.  Background 

At his revocation hearing, appellant was admonished of the consequences of his true plea by the trial court before he testified or entered a plea.  The trial court admonished appellant that a plea of true could result in his probation being revoked, modified, or continued without other evidence being offered. After examining appellant and admonishing him, the trial court received appellant’s true plea.  Appellant then testified.  He acknowledged under oath that he did not report in person as was alleged, but maintained that he was told by his probation officer that he could mail in his reports, and did so.  He also testified that he was not contesting that he was behind in his payments, which were conditions of probation.  The State introduced a written plea of true signed by appellant and his attorney specifying the dates on which the State alleged appellant did not report and the specific payments he had not made.  Appellant testified that he had spent time in jail and asked the judge to not revoke his probation, but to release him from probation.  

Appellant’s testimony about being told to report by mail and having reported by mail was contradicted by testimony from his probation officer.  According to the probation officer, appellant did not report in person, nor did the probation department have a written report from appellant for the months alleged in the motion to revoke.    

In his closing statement to the trial court, counsel for appellant referenced appellant’s having served ten years on probation, a considerable amount of that time in jail.  He asked the court to allow appellant’s time in jail awaiting the revocation hearing to be credited toward payment of appellant’s payment delinquency, to terminate the probation and “return Mr. McDaniel to society.”  The court revoked appellant’s probation and ordered appellant to serve the punishment of eight years confinement previously assessed.  In response to a question by the court, appellant reiterated that “they told me that I didn’t have to report any more.”  The trial judge responded that he had “found that fact against you.”

At the evidentiary hearing on his motion for new trial appellant testified that his revocation counsel did not tell him the law allowed the judge to reduce his felony to a misdemeanor, with the attendant reduction in punishment,
(footnote: 2) nor that the judge could reduce the punishment previously assessed.
(footnote: 3)  Appellant maintained that had he been told of these provisions of law, he would not have entered his plea of true, because he was not guilty of the violations of probation which the State had alleged.  He testified that he believed he would be let off probation and “let go for time served” when he went into the revocation hearing.  He was equivocal about whether his attorney had told him he would be released from probation if he pled true.  

Appellant’s revocation counsel testified that he had represented numerous defendants on revocation proceedings before the revocation hearing judge prior to the hearing involving appellant.  Counsel further testified that he discussed with appellant, and that he and appellant determined together, that the best strategy to take at the revocation hearing was to try to have appellant released from probation and not to have any prison time imposed by stressing to the court that appellant had served ten years on probation and that the probation violations alleged were merely technical violations.  The violations alleged by the State were administrative violations which the State had records to support, so based on his prior experience with the judge, revocation counsel believed that appellant’s pleading true to the alleged violations and then explaining his extenuating circumstances to the court would be looked on favorably by the judge.  Counsel also testified that he was personally aware, based on previous experiences with the judge, that  the trial judge was aware of both Penal Code section 12.44 under which the trial court could have assessed appellant’s punishment as for a Class A misdemeanor, and Code of Criminal Procedure article 42.12 under which appellant’s term of confinement could have been reduced from that originally assessed.  He also had prior personal experiences in which the judge hearing appellant’s revocation proceeding had not reacted with any semblance of favor to having attorneys attempt to instruct the court as to what the law was, so counsel did not address the two provisions allowing reduction of appellant’s sentence during the hearing.  Counsel did not specifically recall discussing with appellant that the law allowed the trial judge to reduce appellant’s originally-assessed sentence.  

B.  Law

We are obligated to follow United States Supreme Court precedent on matters of federal constitutional law.  
Hernandez v. State
, 988 S.W.2d 770, 771 (Tex.Crim.App. 1999).  When confronted with an ineffective assistance of counsel claim, we apply the two-pronged analysis set forth by the United States Supreme Court in 
Strickland v. Washington
, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  
See
 
Hernandez v. State
, 726 S.W.2d 53 (Tex.Crim.App. 1986) (adopting 
Strickland
 as applicable standard under Texas Constitution).

Under the first prong of the 
Strickland
 test, an appellant must show that counsel's performance was "deficient."  
Strickland
, 466 U.S. at 687.  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  
Id
. To be successful in this regard, an appellant "must show that counsel's representation fell below an objective standard of reasonableness."  
Id
. at 688.  Under the second prong, an appellant must show that the deficient performance prejudiced the defense.  
Id
. at 687. 

Appellant must prove both prongs of 
Strickland
 by a preponderance of the evidence in order to prevail.  
McFarland v. State
, 845 S.W.2d 824, 842 (Tex.Crim.App. 1992).
  
A strong presumption exists that defense counsel’s conduct falls within a wide range of reasonable representation. 
 
Strickland
, 466 U.S. at 690;  
Jackson v. State
, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).  
To prevail on a claim that counsel was ineffective, a defendant must overcome, by a preponderance of the evidence, the presumption that counsel’s conduct complained of might be considered sound trial strategy. 
Cannon v. State
, 668 S.W.2d 401, 403 (Tex.Crim.App. 1984); 
see
 
Jackson
, 877 S.W.2d at 771-72.  The adequacy of defense counsel’s representation is based on the totality of the representation rather than by isolated acts or omissions of trial counsel.  
Garcia v. State
, 887 S.W.2d 862, 880 (Tex.Crim.App. 1994).  The conduct of  counsel is  tested as of the time the act or omission complained of occurred, and not in hindsight.  
Ex parte Kunkle
, 852 S.W.2d 499, 505 (Tex.Crim.App. 1993).

When a defendant contends that his counsel was ineffective and thereby challenges the voluntariness of a plea entered upon the advice of counsel, the voluntariness of the plea is determined by (1) whether, in giving the advice, counsel conducted himself within the range of competence required of attorneys in criminal cases and if not, (2) whether a reasonable probability exists that, but for counsel's errors, the defendant would not have entered the plea, but would have insisted on going to trial.  
Ex parte Morrow
, 952 S.W.2d 530, 536 (Tex.Crim.App.1997), 
citing
 
Hill v. Lockhart
, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985);  
Strickland
, 466 U.S. at 687;  
and
 
McMann v. Richardson
, 397 U.S. 759, 771, 90 S.Ct. 1441, 1448-49, 25 L.Ed.2d 763 (1970).

The standard of review on appeal, and therefore the amount of deference we afford to the trial court’s rulings, generally is determined by which judicial actor is in a better position to decide the issue.  
Miller v. Fenton
, 474 U.S. 104,114-15, 106 S.Ct. 445, 451-52, 88 L.Ed.2d 405 (1985); 
Guzman v. State
, 955 S.W.2d 85, 87 (Tex.Crim.App. 1997).  Appellate courts afford almost total deference to a trial court’s determination of historical facts that the record supports, especially when the trial court’s findings are based on an evaluation of credibility and demeanor.  
Id
. at 89; 
See
 
Ornelas v.United States
, 517 U.S. 690, 698-700, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996).  Appellate courts afford the same amount of deference to trial courts’ rulings on application of law to fact questions if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor.  
Guzman
, 955 S.W.2d at 89.  As to the foregoing two categories of rulings, we view the record and evidence in the light most favorable to the trial court’s ruling.  
Id
.  When the trial court does not make express findings of historical facts, the facts are viewed by the appellate court in a light favorable to the trial court’s ruling.  
Loserth v. State
, 963 S.W.2d 770, 774 (Tex.Crim.App. 1998). 

C.  Analysis

At the evidentiary hearing on appellant’s motion for new trial, appellant testified that he did not want a reduced sentence from the revocation hearing; he wanted to be released from probation because he had served ten years.  Revocation counsel’s uncontradicted testimony was that he and appellant embarked on a strategy to favorably impress a judge who had previously not revoked appellant’s probation following numerous hearings on such motions.  We presume the revocation hearing judge knew the law as to his options in regard to appellant’s term of confinement under the law.  Our presumption is buttressed by counsel’s testimony of his personal awareness that the judge was familiar with the statutes allowing reduction of appellant’s sentence. 

The trial court allowed the motion for new trial to be overruled by operation of law.  He did not make express findings of fact.  Thus, we view the facts in a light favorable to his failing to grant appellant a new trial following the evidentiary hearing.  
Loserth
, 963 S.W.2d at 774.   In doing so, we first note that appellant did not testify at his new trial hearing how being advised by counsel that some parts of the law allowed the trial judge to reduce his term of confinement would have caused appellant to plead not true and to have contested his guilt, when to do so would not have yielded him any advantage.  At a minimum,
(footnote: 4) the judge hearing the motion for new trial had before him a written, sworn statement by appellant from the revocation hearing that the allegations of his failing to report, failing to pay restitution and failing to pay probation supervision fees were true.  The judge had to reconcile appellant’s testimony at the new trial hearing that he was not guilty of the allegations, with conflicting evidence from the revocation hearing.  In considering such matters we afford almost complete deference to the trial court’s resolution of conflicts in the evidence.  
Guzman
, 955 S.W.2d at 89.  Presuming the trial judge determined appellant’s testimony not sufficiently credible to prove that he would not have pled true at the revocation hearing had his counsel advised him of the law provisions allowing the trial judge to reduce his term of confinement, we defer to such determination.  
Id
.  

Because the judge hearing appellant’s motion for new trial did not grant a new trial, and did not make express findings, we presume he viewed the trial strategy employed by revocation counsel as having been within the wide latitude of choices available to a competent attorney in a criminal case.  We agree with that determination.  We are not to second-guess counsel in hindsight.  
Ex parte Kunkle
, 852 S.W.2d at 505.  Advising a defendant to plead true in anticipation that the trial judge will rule leniently does not equate to ineffective assistance of counsel.  
See
 
Graves v. State
, 803 S.W.2d 342, 345 (Tex.App.--Houston [14
th
 Dist.] 1990, pet. ref’d).  Counsel’s selection of the hearing strategy employed was not objectively unreasonable.  
For the foregoing reasons, we overrule appellant’s second issue.      

III.  FACTUAL INSUFFICIENCY OF EVIDENCE

A.  Background

By his third issue, appellant contends that the evidence at the seventh revocation hearing was factually insufficient to support revocation of his probation.  Appellant urges us to conduct a factual sufficiency review in accordance with the standard set out in 
Clewis v. State
, 922 S.W.2d 126 (Tex.Crim.App. 1996).  In doing so, however, appellant recognizes authority determining that the 
Clewis
 factual sufficiency standard is inapplicable to a probation revocation proceeding.  
See
 
Brumbalow v. State
, 933 S.W.2d 298, 300 (Tex.App--Waco 1996, pet. ref’d).
 Under the 
Clewis
 standard, all the evidence is reviewed without employing the prism of “in the light most favorable to the prosecution.”  
Clewis
, 922 S.W.2d at 129.  The verdict is set aside only when the factual finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust.  
Id
. at 135.  We disagree that 
Clewis
 applies as the appropriate standard, and also disagree that the evidence is factually insufficient to support revocation. 

B.  Law

The only issue presented by an appeal from an order revoking probation is whether the trial court abused its discretion.  
Naquin v. State
, 607 S.W.2d 583, 586 (Tex.Crim.App. 1980); 
Lloyd v. State
, 574 S.W.2d 159, 160 (Tex.Crim.App. 1978).  
A trial court abuses its discretion when its action or decision is not within the zone of reasonable disagreement.  
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on reh’g).  
In determining the sufficiency of the evidence to sustain a probation revocation, we view the evidence in the light most favorable to the trial court’s ruling.  
Jones v. State
, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979); 
see
 
Brumbalow
, 933 S.W.2d at 300
.  
If the trial court’s findings of fact are supported by the record when the record is viewed in such light, we may not disturb them, and are limited to addressing whether the trial court properly applied the law to the facts.  
See
 
Romero v. State
, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990).  

In a proceeding to revoke probation the burden of proof is on the State to show by a preponderance of the evidence that the probationer has violated a condition of probation as alleged in the motion to revoke.  
Cobb v. State
, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993).  
Proof of any one of the alleged violations is enough to support an order to revoke probation.  
Moses v. State
, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979); 
Gobell v. State
, 528 S.W.2d 223, 224 (Tex.Crim.App. 1975).  A plea of true by the defendant to an allegation that he violated terms of probation, standing alone, is sufficient to support revocation of probation.  
Cole v. State
, 578 S.W.2d 127, 128 (Tex.Crim.App. 1979).  

C.  Analysis

As previously noted, appellant pled true to the State’s allegations and also signed a stipulation of evidence that he violated the terms of his probation.  Such plea is sufficient factual support for the trial court to revoke appellant’s probation.  
Id
.  

Further, however, appellant’s probation officer testified that appellant was delinquent in making his restitution payments, as well as his probation fee payments.  The probation officer testified that appellant failed to report in person or by mail for July and August, 1995.  Appellant testified that he did not contest being behind in making payments for restitution and probation fees.  In considering appellant’s plea of true, his stipulation to the evidence, and viewing the other evidence in the light most favorable to the trial court’s decision, 
Jones
, 589 S.W.2d at 421,
 we conclude that the evidence was factually sufficient and that the trial court did not abuse its discretion in revoking appellant’s community supervision.  
Moses
, 590 S.W.2d at 470; 
Gobell
, 528 S.W.2d at 224.

IV.  ABUSE OF DISCRETION IN REVOKING PROBATION

A.  Background

By his fourth issue, appellant contends that the trial court abused its discretion in revoking his probation.  Appellant asserts that his punishment was effectively extended by ten years because the trial court refused to revoke his probation on six previous occasions and waited until he had already served ten years of probation before the December, 1995 revocation.  Appellant argues that the trial court acted arbitrarily when it revoked his probation at the seventh hearing because the State made similar allegations in six previous motions, yet the court continued his probation.  Appellant includes arguments that he was not a good candidate for probation to begin with, and for the trial court to continue him on probation instead of sending him to prison earlier was an abuse of discretion because it was a violation of due process, due course of law, and was fundamentally unfair.  These arguments were not presented to the trial court either at the probation revocation hearing or at the hearing on the motion for new trial. 

B.  Analysis

As noted previously, 
the only issue presented in an appeal from an order revoking community supervision is whether the trial court abused its discretion.  
Naquin
, 607 S.W.2d at 586; 
Lloyd
, 574 S.W.2d at 160. A trial court does not abuse its discretion when its decision is at least within the zone of reasonable disagreement.  
Montgomery
, 810 S.W.2d at 391.  Complaints not made to the trial court are not properly preserved for appellate review.  
Tex. R. App. P
. 33.1.

Because appellant did not present his complaints of due process and due course of law violations, and his “fundamentally unfair” allegations to the trial court, error on such bases is not preserved for review.  Moreover, 
it is not outside the zone of reasonable disagreement for a trial judge to give a probationer multiple chances to succeed at staying out of prison, as was done for appellant.  The standard we are mandated to apply in reviewing revocation of probation proceedings is whether the trial court abused its discretion.  Even if appellant had preserved error for review on the theories forming the bases of his fourth issue, the record before us does not evidence an abuse of discretion by the trial court.  We overrule appellant’s fourth issue.  

CONCLUSION

We sustain appellant’s first issue. 
We overrule his second, third and fourth issues.  The judgment of the trial court dated December 5, 1995, and signed on December 20, 1995, is modified to reflect that pursuant to Texas Code of Criminal Procedure article 42.03,  appellant shall receive credit for 444 days of jail time up to December 5, 1995.  As modified, the judgment of the trial court is affirmed.  
Tex. R. App. P
. 43.2.  

Phil Johnson

    Justice 

Do not publish.

FOOTNOTES
1:
No transcript of the testimony and evidence adduced at the revocation hearing was offered or admitted into evidence at the new trial hearing.  The judge was requested by appellant’s counsel to take judicial notice of the prior revocation proceedings, and to consider the transcripts of prior revocation hearings.  The transcripts of the probation revocation hearings have been included with the appellate record. 

2:
See
 
Tex. Penal Code Ann
. § 12.44 (Vernon Supp. 2000).

3:
See
 
Tex. Crim. Proc. Code Ann
. art. 12 § 23 (Vernon Supp. 2000).

4:
See footnote 1 as to the transcript of the revocation hearing proceedings.