Garry Frank GOBELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 50348.

Court of Criminal Appeals of Texas.

Oct. 8, 1975.

James P. Finstrom, Court-appointed, Dallas, for appellant.

Henry Wade, Dist. Atty., Richard W. Wilhelm, and Phil Dixon, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from an order revoking probation.

Appellant was convicted of theft of a horse. Punishment was assessed at five years. Imposition of punishment was suspended and appellant was placed on probation. Subsequently, probation was revoked, and appellant initiated this appeal.

Appellant first contends that his initial conviction was void because the prosecution was barred by the Saving Provisions of the new Penal Code. Section 6(b) of Acts 1973, 63rd Legislature, ch. 399, provides in part:

"Conduct constituting an offense under existing law that is repealed by this Act and that does not constitute an offense under this Act may not be prosecuted after the effective date of this Act."

The offense was committed in November 1973 and appellant was convicted after January 1, 1974. Indictment was for theft of a horse under Article 1440, V.A.P.C. (1925). Although that article was specifically repealed on January 1, 1974 (Acts 1973, 63rd Leg., ch. 399, Sec. 3), the conduct of appel-

lant that constituted an offense under that article also constitutes an offense under the new Penal Code. See Sec. 31.03(d)(4)(A). Accordingly, the prosecution was not dismissed under Section 6(b), supra. The ground of error is overruled.

 Appellant next contends that the indictment is fundamentally defective for failure to allege the value of the horse, thereby failing to reflect jurisdiction in the district court. Article 27.08(4), V.A.C.C.P. An indictment for theft of a horse under Article 1440, V.A.P.C. (1925), need not allege the value of the horse in order to establish jurisdiction in the district court because under that statute theft of a horse, regardless of its value, is a felony. Although tried after the effective date of the new Penal Code, appellant's trial was properly conducted under the following controlling portion of Section 6(a) of the Saving Provisions:

" . . . a criminal action for an offense committed before this Act's effective date is governed by the law existing before the effective date, which law is continued in effect for this purpose, as if this Act were not in force."

Appellant's second ground of error is overruled.

In his last ground of error, appellant asserts the trial court abused its discretion in revoking his probation. The State in its motion to revoke alleged three violations of the law in violation of the terms of appellant's probation. In revoking probation the court found appellant had violated the condition of his probation that he commit no offense, finding that appellant did unlawfully drive a motor vehicle upon a public street while intoxicated, and did flee a police officer. In his brief, appellant only challenges the finding of the second violation. Since the other finding upon which probation was revoked is unchallenged, appellant's contention, even if correct, would not show an abuse of discretion. The ground of error is overruled.

We observe the judgment and sentence erroneously recite appellant was convicted of theft of personal property over the value of fifty dollars. They are reformed to reflect the true offense for which appellant was convicted, theft of a horse.

The judgment, as reformed, is affirmed.