NO. 07-00-0393-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 28, 2001

_____

JOHN ELWAYNE TURNER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 100TH DISTRICT COURT OF HALL COUNTY;

NO. 3007; HONORABLE DAVID MCCOY, JUDGE

_____

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Appellant John Elwayne Turner appeals from the revocation of his probation for felony driving while intoxicated, and sentence of five years incarceration. We affirm.

BACKGROUND

On May 27, 1997, appellant pled guilty to a felony charge of driving while intoxicated. Pursuant to a plea bargain, he was placed on probation for five years and assessed a $1,500 fine.

On November 5, 1998, the State filed a motion to revoke appellant's probation. The motion was heard on July 19, 2000, at which time the State waived its allegations as to appellant violating his probation except the allegation that appellant failed to rgeport to the court through the probation office on the first of each month, beginning on June 1, 1997. The State specified that appellant did not report for the months of June, July, August, September, and October, 1998. The trial court found that appellant violated the terms of his probation, revoked the probation and sentenced appellant to five years incarceration in the Texas Department of Criminal Justice, Institutional Division.

By two issues, appellant challenges the legal and factual sufficiency of the evidence to support the trial court's finding that he violated the terms of his probation by wilfully or knowingly failing to report to the trial court through the probation department. In essence, he argues that the terms of his probation allowed him to report either in person or in writing. Therefore, he asserts, the State had the burden to prove that he reported neither in writing nor in person, which the State failed to prove. Appellant concludes that because the State failed in its proof, the trial court abused its discretion in revoking his probation.

LAW

In a proceeding to revoke probation the burden of proof is on the State to show by a preponderance of the evidence that the probationer has violated a condition of probation as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). Proof of any one of the alleged violations is enough to support an order to revoke probation. Moses v. State, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979); Gobell v. State, 528 S.W.2d 223, 224 (Tex.Crim.App. 1975).

The only issue presented in an appeal from an order revoking probation is whether the trial court abused its discretion. See Naquin v. State, 607 S.W.2d 583, 586 (Tex.Crim.App. 1980); Lloyd v. State, 574 S.W.2d 159, 160 (Tex.Crim.App. 1978). When the standard of review is abuse of discretion, the record must simply contain some evidence to support the decision made by the trial court. Brumbalow v. State, 933 S.W.2d 298, 300 (Tex.App.--Waco 1996, pet. ref'd). In determining the sufficiency of the evidence to sustain a probation revocation, we view the evidence in the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979); Brumbalow, 933 S.W.2d at 300.

ANALYSIS

Appellant's 100th Judicial District probation officer, Michael Moore, testified that appellant last reported to the probation department in writing on May 26, 1998. Moore received a telephone call from appellant on July 6, 1998, in which appellant asked if Moore could "cover for him" as to report dates appellant missed with the Terry County probation

3

office, which Moore declined to do. Moore was not contacted at all by appellant after the last written report in May, 1998, except for the one telephone call in July.

Moore testified that during the months of June and July, 1998, which were two of the months during which the State alleged that appellant did not report as he should have, the probation department of the 100th Judicial District had transferred appellant's probation to Terry County, Texas, for supervision, and appellant was to report to the Terry County probation office, as well as reporting in writing to the 100th Judicial District office. According to Moore, the Terry County office closed its supervision of appellant's probation and transferred supervision back to the 100th Judicial District probation office on July 21, 1998. After Terry County returned supervision of appellant's probation to the 100th Judicial District in July, appellant would not have been able to comply with his probation requirement by reporting to anyone in Terry County.

Appellant testified that he did not report to his Terry County probation supervisor during specific dates in June and July, 1998, when he was to report weekly as part of a rehabilitation program which he was undergoing. He claimed to have been hospitalized during part of August, 1998, but did not offer an explanation for the complete failure to call or report in writing to the probation office during that time. Appellant did not testify that he reported to the 100th Judicial District probation office either in person or in writing at any time after the Terry County probation office closed its supervision of his probation on July 21, 1998, and returned supervision to the 100th Judicial District office.

4

There is some evidence that appellant did not report to the trial court monthly, as he was required to do, in any manner, after the telephone call to Moore in July, 1998, even if such telephone call were to be considered as a "report." Viewing the evidence in the light most favorable to the trial court's determinations, as we must, we conclude that the trial court's decision that appellant failed to report in any manner, either in writing or in person, during one or more of the months of August, September and October, 1998, would be supported by some evidence. See Brumbalow, 933 S.W.2d at 300. Evidentiary support for a determination that appellant failed to report for any one of the months alleged by the State is sufficient evidentiary support for revocation. See Moses, 590 S.W.2d at 470. Accordingly, the trial court did not abuse its discretion in revoking appellant's probation. Id. We overrule appellant's first and second issues.

## CONCLUSION

Having concluded that the trial court did not abuse its discretion in finding that appellant violated a term of his probation as alleged by the State, and having overruled both of appellant's issues, we affirm the judgment of the trial court.


Phil Johnson
Justice


Do not publish.