NO. 07-03-0008-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 3, 2004

_____


ANNA MARIA RODRIQUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B13505-9908; HONORABLE ED SELF, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**

Appellant Anna Maria Rodriquez appeals from a judgment revoking community supervision and imposing sentence pursuant to conviction for unauthorized absence from a community corrections facility.[1]  We modify the judgment and affirm as modified.

---

[1]TEX. PEN. CODE ANN. 38.113 (Vernon 2003).

In accordance with a plea bargain, appellant entered a plea of guilty to a charge of unauthorized absence from a community corrections facility. The Judge of the 242nd District Court of Hale County (the trial court), found that the evidence substantiated appellant's guilt, accepted the guilty plea, found appellant guilty, and sentenced appellant to confinement for two years, a $500 fine and court costs and attorney's fees. The confinement portion of the sentence was suspended and appellant was placed on community supervision for five years.

The State filed a motion to revoke on May 9, 2000. The motion was heard on July 3, 2000. Appellant pled true to five of the eleven grounds alleged as bases for the motion to revoke. The trial judge modified the terms of appellant's probation by requiring her to complete the Substance Abuse Felony Punishment Facility (SAFPF) program. The State filed a second motion to revoke on October 29, 2002, alleging three grounds as the bases for the motion. The motion was heard on November 19, 2002. Appellant pled true without a plea bargain to all of the grounds alleged as bases for the motion except for the ground alleging that she failed to complete her community service hours as required. The trial judge found true the allegations to which appellant pled true, found that appellant violated terms of her probation, revoked the order placing appellant on community supervision, and sentenced appellant to two years in the Texas Department of Criminal Justice, State Jail Division. Appellant timely noticed her appeal.

Counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof. In support of the motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has

been diligently reviewed and that in the opinion of counsel, the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. Counsel thus concludes that the appeal is frivolous.

Counsel has attached exhibits showing that a copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of appellant's right to review the record and file a response to counsel's motion and brief. Appellant has not filed a response to counsel's motion and brief.

We have made an independent examination of the record to determine whether there are any arguable grounds for appeal, see Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed 2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds. We agree with appellate counsel that the appeal is without merit. In particular, we find that the evidence is legally and factually sufficient to support the trial court's revocation of appellant's community supervision. See Cole v. State, 578 S.W.2d 127, 128 (Tex.Crim.App. 1979); Moses v. State, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979); Gobell v. State, 528 S.W.2d 223, 224 (Tex.Crim.App. 1975). However, in our review we noted that the judgment states that appellant was charged by indictment. It is clear from the record that appellant waived the making of an indictment and pled guilty to an information. We conclude that this is merely a clerical error. Accordingly, we hereby modify the judgment to reflect that appellant was charged by information, and affirm the judgment as modified. TEX. R. APP. P. 43.2(b);

Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial court is affirmed as modified.

                Phil Johnson
                Chief Justice

Do not publish.