NO. 07-06-0281-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 8, 2007

_____

JAMES ROBERT LOOMIS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 123RD DISTRICT COURT OF SHELBY COUNTY;

NO. 03CR-15,835; HON. GUY W. GRIFFIN, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

James Robert Loomis (appellant) appeals from an order adjudicating him guilty of the offense of aggravated sexual assault. Pursuant to a plea agreement, appellant pled guilty to the offense on January 10, 2003, and the trial court deferred the adjudication of his guilt and placed him on community supervision for ten years. Subsequently, the State moved to adjudicate appellant guilty, and the trial court granted the motion. Via three issues, appellant contends that the trial court 1) violated his constitutional rights to be free

from double jeopardy, 2) sentenced him excessively and 3) erred by admitting evidence of prior extraneous conduct during the punishment phase of the trial.  We affirm.

### *Issue One - Double Jeopardy*

Appellant initially contends that his constitutional rights against double jeopardy were violated when the trial court adjudicated him guilty for committing offenses for which he had previously been punished.  The previous punishment involved the modification of the terms of his probation due to the misconduct.  We overrule the issue for several reasons.

First, no appeal may be taken from a determination to proceed with an adjudication of guilt.  TEX. CODE CRIM. PROC. ANN. art. 42.12 (5)(b) (Vernon Supp. 2006); *Connolly v. State*, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); *Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); *Olowosuko. v. State*, 826 S.W.2d 940, 941-42 (Tex. Crim. App. 1992).  Therefore, we have no jurisdiction to consider appellant's attack on the trial court's decision to adjudicate him.

Second, even if we did have jurisdiction over the dispute we would have to overrule the issue.  The trial court had before it evidence of various grounds purportedly justifying its decision to adjudicate guilt.  Furthermore, appellant did not attack each one, and proof of any one of the alleged violations is enough to support an order to revoke probation.  *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975).

### *Issue Two - Cruel and Unusual Punishment*

In his second issue, appellant attacks his punishment contending that his sentence of life imprisonment was excessive, cruel and unusual, grossly disproportionate to the offense committed, and a violation of his constitutional rights. We overrule the issue.

Even though a term of imprisonment within the statutory limit is generally considered legitimate, *Alvarez v. State*, 63 S.W.3d 578, 580 (Tex. App.–Fort Worth 2001, no pet.), the Supreme Court has identified three criteria to be used to evaluate whether it could be unconstitutionally excessive. *See Solem v. Helm*, 463 U.S. 277, 290-92, 103 S.Ct. 3001, 3010-11, 77 L.Ed.2d 637(1983). They involve (1) the gravity of the offense and the harshness of the punishment, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for the same offense in other jurisdictions. *Id.* Regarding the last two criteria, we note that appellant cited us to no evidence of record touching upon them; thus, we are unable to factor them into the equation. As for the first criteria, we compare the gravity of the offense against the severity of the sentence. *Alvarez*, 63 S.W.3d at 581. And, in considering the gravity of the offense, we weigh the harm caused or threatened to the victim or society and the culpability of the offender. *Id*.

Though appellant concedes that the charged crime is "serious," he nonetheless does not deem having sex with a six-year-old child as serious as "murder." Furthermore, he attempts to shift the blame for his penetration of a six year old onto the child and her alleged promiscuity. That the child was six and that every adult should know that one does not have sex with a six year old merited no comment by him, however. Yet, it does illustrate the depravity of his crime and mind set.

3

Nor does appellant address the testimony of the victim's grandmother about how the child was highly upset during the sexual assault examination, how she was "screaming and hollering," how the child has been in "counseling for quite a while," how she is "always afraid that [appellant] was always going to be mad at her" and how she has "nightmares." This evidence evinces that appellant's conduct caused harm to the victim. And, that he admitted to committing the assault verifies his culpability. Thus, we must conclude that appellant did not meet his burden in showing that the sentence levied was cruel or unusual.

### Issue Three - Extraneous Offenses

Appellant lastly contends that the trial court erred in admitting testimony from Jimmy Vickers (Vickers) about appellant's conduct in high school. Vickers was appellant's high school principal and, according to appellant, provided information that was more prejudicial than probative. This was so because the "probative value of the proffered evidence [was] very small, given the fact that the information conveyed by [ ] Vickers was between six (6) and eleven (11) years old, and related to [appellant] as an adolescent and a teenager." Furthermore, he contends that the evidence was "unfairly prejudicial" because it "painted a picture of an adolescent [appellant] who committed numerous small, ticky-tack 'violations' that are not particularly uncommon among youths." We overrule the issue.

Vickers testified that appellant had problems with teachers and was sent to Vickers' office frequently, "did not like authority and he did not respect authority," violated the rules while in high school by going over to the junior high school to meet his then girlfriend, and stole a backpack. Whether to admit this evidence during the punishment phase of the trial lay within the discretion of the trial judge. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 (3)(a)(1) (Vernon 2006) (permitting the trial court to admit evidence of past misconduct if

4

it bears on the issue of punishment); *Montgomery v. State,* 810 S.W.2d 372, 378 (Tex. Crim. App. 1990) (recognizing that the decision whether to admit evidence falls within the scope of a trial court's discretion). Accordingly, the trial court's decision cannot be changed as long as it falls within the "zone of reasonable disagreement." *Rachal v. State*, 917 S.W.2d 799, 807 (Tex. Crim. App. 1996); *Montgomery,* 810 S.W.2d at 391.

In the present case, we cannot say that the trial court abused its discretion in concluding that the probative value of Vickers' testimony was substantially outweighed by the danger of unfair prejudice. Vickers' testimony was highly probative of appellant's character, and thus instrumental in giving complete information to the judge so that he could tailor an appropriate sentence. See *Erazo v. State*, 144 S.W.3d 487, 491 (Tex. Crim. App. 2004) (stating that one of the policies that operates during the punishment phase of a non-capital trial includes "giving complete information to the jury to allow it to tailor an appropriate sentence for the defendant . . ."). Moreover, the State only briefly examined Vickers on the details of appellant's behavioral problems in school. Thus, the decision fell within the zone of reasonable disagreement.

Accordingly, we affirm the judgment of the trial court.

Per Curiam

Do not publish.