NO. 07-06-0281-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JANUARY 8, 2007


______________________________



JAMES ROBERT LOOMIS, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 123RD DISTRICT COURT OF SHELBY COUNTY;



NO. 03CR-15,835; HON. GUY W. GRIFFIN, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 James Robert Loomis (appellant) appeals from an order adjudicating him guilty of
the offense of aggravated sexual assault. Pursuant to a plea agreement, appellant pled
guilty to the offense on January 10, 2003, and the trial court deferred the adjudication of
his guilt and placed him on community supervision for ten years. Subsequently, the State
moved to adjudicate appellant guilty, and the trial court granted the motion. Via three
issues, appellant contends that the trial court 1) violated his constitutional rights to be free
from double jeopardy, 2) sentenced him excessively and 3) erred by admitting evidence
of prior extraneous conduct during the punishment phase of the trial. We affirm.

Issue One - Double Jeopardy


 Appellant initially contends that his constitutional rights against double jeopardy
were violated when the trial court adjudicated him guilty for committing offenses for which
he had previously been punished. The previous punishment involved the modification of
the terms of his probation due to the misconduct. We overrule the issue for several
reasons.

 First, no appeal may be taken from a determination to proceed with an adjudication
of guilt. Tex. Code Crim. Proc. Ann. art. 42.12 (5)(b) (Vernon Supp. 2006); Connolly v.
State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); Phynes v. State, 828 S.W.2d 1, 2
(Tex. Crim. App. 1992); Olowosuko. v. State, 826 S.W.2d 940, 941-42 (Tex. Crim. App.
1992). Therefore, we have no jurisdiction to consider appellant's attack on the trial court's
decision to adjudicate him. 

 Second, even if we did have jurisdiction over the dispute we would have to overrule
the issue. The trial court had before it evidence of various grounds purportedly justifying
its decision to adjudicate guilt. Furthermore, appellant did not attack each one, and proof
of any one of the alleged violations is enough to support an order to revoke probation. See
Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); Gobell v. State, 528 S.W.2d
223, 224 (Tex. Crim. App. 1975).





Issue Two - Cruel and Unusual Punishment


 In his second issue, appellant attacks his punishment contending that his sentence
of life imprisonment was excessive, cruel and unusual, grossly disproportionate to the
offense committed, and a violation of his constitutional rights. We overrule the issue. 

 Even though a term of imprisonment within the statutory limit is generally considered
legitimate, Alvarez v. State, 63 S.W.3d 578, 580 (Tex. App.-Fort Worth 2001, no pet.), the
Supreme Court has identified three criteria to be used to evaluate whether it could be
unconstitutionally excessive. See Solem v. Helm, 463 U.S. 277, 290-92, 103 S.Ct. 3001,
3010-11, 77 L.Ed.2d 637(1983). They involve (1) the gravity of the offense and the
harshness of the punishment, (2) the sentences imposed on other criminals in the same
jurisdiction, and (3) the sentences imposed for the same offense in other jurisdictions. Id. 
Regarding the last two criteria, we note that appellant cited us to no evidence of record
touching upon them; thus, we are unable to factor them into the equation. As for the first
criteria, we compare the gravity of the offense against the severity of the sentence. 
Alvarez, 63 S.W.3d at 581. And, in considering the gravity of the offense, we weigh the
harm caused or threatened to the victim or society and the culpability of the offender. Id. 

 Though appellant concedes that the charged crime is "serious," he nonetheless
does not deem having sex with a six-year-old child as serious as "murder." Furthermore,
he attempts to shift the blame for his penetration of a six year old onto the child and her
alleged promiscuity. That the child was six and that every adult should know that one does
not have sex with a six year old merited no comment by him, however. Yet, it does
illustrate the depravity of his crime and mind set.

 Nor does appellant address the testimony of the victim's grandmother about how
the child was highly upset during the sexual assault examination, how she was "screaming
and hollering," how the child has been in "counseling for quite a while," how she is "always
afraid that [appellant] was always going to be mad at her" and how she has "nightmares." 
This evidence evinces that appellant's conduct caused harm to the victim. And, that he
admitted to committing the assault verifies his culpability. Thus, we must conclude that
appellant did not meet his burden in showing that the sentence levied was cruel or unusual.

Issue Three - Extraneous Offenses


 Appellant lastly contends that the trial court erred in admitting testimony from Jimmy
Vickers (Vickers) about appellant's conduct in high school. Vickers was appellant's high
school principal and, according to appellant, provided information that was more prejudicial
than probative. This was so because the "probative value of the proffered evidence [was]
very small, given the fact that the information conveyed by [ ] Vickers was between six (6)
and eleven (11) years old, and related to [appellant] as an adolescent and a teenager." 
Furthermore, he contends that the evidence was "unfairly prejudicial" because it "painted
a picture of an adolescent [appellant] who committed numerous small, ticky-tack 'violations'
that are not particularly uncommon among youths." We overrule the issue.

 Vickers testified that appellant had problems with teachers and was sent to Vickers'
office frequently, "did not like authority and he did not respect authority," violated the rules
while in high school by going over to the junior high school to meet his then girlfriend, and
stole a backpack. Whether to admit this evidence during the punishment phase of the trial
lay within the discretion of the trial judge. See Tex. Code Crim. Proc. Ann. art. 37.07
(3)(a)(1) (Vernon 2006) (permitting the trial court to admit evidence of past misconduct if
it bears on the issue of punishment); Montgomery v. State, 810 S.W.2d 372, 378 (Tex.
Crim. App. 1990) (recognizing that the decision whether to admit evidence falls within the
scope of a trial court's discretion). Accordingly, the trial court's decision cannot be changed
as long as it falls within the "zone of reasonable disagreement." Rachal v. State, 917
S.W.2d 799, 807 (Tex. Crim. App. 1996); Montgomery, 810 S.W.2d at 391.

 In the present case, we cannot say that the trial court abused its discretion in
concluding that the probative value of Vickers' testimony was substantially outweighed by
the danger of unfair prejudice. Vickers' testimony was highly probative of appellant's
character, and thus instrumental in giving complete information to the judge so that he
could tailor an appropriate sentence. See Erazo v. State, 144 S.W.3d 487, 491 (Tex. Crim.
App. 2004) (stating that one of the policies that operates during the punishment phase of
a non-capital trial includes "giving complete information to the jury to allow it to tailor an
appropriate sentence for the defendant . . ."). Moreover, the State only briefly examined
Vickers on the details of appellant's behavioral problems in school. Thus, the decision fell
within the zone of reasonable disagreement. 

 Accordingly, we affirm the judgment of the trial court. 


 

 Per Curiam


 

Do not publish.