Opinion filed August 9, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed August 9, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00006-CR

                                                     __________

 

                                       CASEY
JOE PEEL, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                              On
Appeal from the 35th District Court

 

                                                            Brown County, Texas

 

                                                   Trial
Court Cause No. CR17481

 



 

                                                                   O
P I N I O N      








Casey Joe Peel appeals from a judgment revoking
his community supervision that he had received following his previous
conviction for the offense of criminally negligent homicide.  As a result of the revocation, Peel was
sentenced to ten years confinement in the Texas Department of Criminal Justice,
Institutional Division.  The State
presented twenty-one allegations that Peel violated the provisions of his
community supervision.  Finding eighteen
of those allegations to be true, the trial court found that Peel violated
conditions numbers one, two, three, six, eleven, twelve, eighteen, nineteen,
and twenty-two of the conditions of his community supervision.  Peel contends in five issues that the
evidence is legally and factually insufficient to support the trial court=s findings that he had violated
conditions one, three, eighteen, and nineteen of his community
supervision.  We affirm.

In a community supervision revocation hearing, the
State has the burden of proving by a preponderance of the evidence that a
condition of community supervision has been violated.  Jenkins v. State, 740 S.W.2d 435 (Tex. Crim.
App.1983).  Proof of one violation of the
terms and conditions of community supervision is sufficient to support the
revocation.  McDonald v. State,
608 S.W.2d 192 (Tex. Crim. App. 1980); Taylor
v. State, 604 S.W.2d 175 (Tex. Crim. App. 1980); Moses v. State, 590
S.W.2d 469 (Tex. Crim. App. 1979).  The
trial court is the trier of the facts and determines the weight and credibility
of the testimony.  Garrett v. State,
619 S.W.2d 172 (Tex. Crim. App. 1981); Barnett v. State, 615 S.W.2d 220
(Tex. Crim. App. 1981).  A plea of true
alone is sufficient to support the trial court=s
determination to revoke.  Moses,
590 S.W.2d at 470; Cole v. State, 578 S.W.2d 127 (Tex .Crim. App.
1979).  Appellate review of an order
revoking community supervision is limited to the issue of whether the trial
court abused its discretion.  Flournoy
v. State, 589 S.W.2d 705 (Tex. Crim. App. 1979).

Peel presents no challenge to the trial court=s findings that he violated condition
numbers two, six, eleven, twelve, or twenty-two of the conditions of his
community supervision.  Because several
of the trial court=s
findings upon which Peel=s
community supervision was revoked are unchallenged, even if Peel=s contentions were correct there would
be no abuse of discretion.  Gobell v.
State, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975).  We overrule issues one, two, three, four, and
five.  

The judgment is affirmed.

 

PER CURIAM

August 9, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  McCall, J.,

Strange,
J., and Hill, J.[1]











[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.