# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00275-CR

**Christopher T. Anderson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. 729440, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

On October 11, 2006, Christopher T. Anderson pleaded no contest to the offense of misdemeanor assault. *See* Tex. Penal Code Ann. § 22.01(a)(1) (West Supp. 2007). The trial court assessed punishment at one year's imprisonment but suspended imposition of the sentence and placed Anderson on community supervision for one year.

On January 11, 2007, the trial court heard the State's amended motion to revoke community supervision. In the motion, the State alleged that Anderson violated the terms and conditions of his community supervision by, among other things, testing positive for drug use, leaving Travis County without permission, and committing the subsequent offense of criminal trespass in Bastrop County on October 27, 2006. Anderson pleaded "not true" to all but one of the allegations against him—he pleaded "true with an extenuation" to the allegation that he

left Travis County without permission.[1]  At the hearing, several witnesses for the State testified, as did Anderson.

At the conclusion of the hearing, the trial court found that Anderson committed the subsequent offense of criminal trespass as alleged and, accordingly, revoked Anderson's community supervision.  The trial court made clear that it was not ruling on any other allegations:

> All right, now having heard the evidence the Court finds as to the allegation in the Motion to Revoke, the Court finds that the only one that I'm going to make a finding on is that he committed [the] subsequent offense that on or about the 27th day of October 2006 in the County of Bastrop and State of Texas, Christopher T. Anderson did then and there intentionally and knowingly enter a property of another; in other words, criminal trespass okay, that's the only finding I'll make, okay.
>
> Now based on that finding I'm going to go ahead and revoke your probation, Chris, and I'm going to sentence you to 360 days in the Travis County jail.

This appeal followed.

In five points of error, Anderson challenges various evidentiary rulings made by the trial court during the hearing.  However, these rulings all involve the State's drug-use allegations.[2]

---

[1]  Although Anderson never clarified what he meant by pleading "true with an extenuation," it appears from the record that Anderson was referring to his claim that he left Travis County in order to visit his child in Elgin.

[2]  In his first point of error, Anderson complains that the trial court did not permit him to complete his cross-examination of Stella Fiori, the probation officer who testified about Anderson's positive urinalysis.  In his second point of error, Anderson claims that the trial court erred by refusing to allow him to make an offer of proof involving the testimony he wanted to elicit from Fiori.  In his third point of error, Anderson contends that Fiori and Joshua Paul, another probation officer who testified about Anderson's positive drug test, were allowed to testify as expert witnesses on the subjects of chemistry and pharmacology in violation of rules of evidence 702 and 703.  In his fourth point of error, Anderson asserts that the trial court erred in overruling his request to inspect the notes used to refresh the memory of Terry Williams, the probation officer who "input" Anderson's drug test results into the computer.  In his fifth point of error, Anderson argues that the cumulative effect of the above errors denied him due process and a fair trial.

Notably, Anderson does not challenge the criminal-trespass finding on which the trial court expressly based its decision to revoke Anderson's community supervision. One ground for revocation, if proven, is sufficient to revoke a defendant's community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Thus, to prevail, an appellant must successfully challenge all the findings that support the revocation order. *Joseph*, 3 S.W.3d at 640. Because the unchallenged criminal-trespass finding is sufficient to support the trial court's revocation order, we need not consider Anderson's points of error related to the State's drug-use allegations on which the trial court did not rule. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980); *Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975).

We affirm the judgment of the trial court.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: May 8, 2008

Do Not Publish

3