NUMBER 13-09-00605-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


JOE ANGEL ESPARZA, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 




On appeal from the 24th District Court 


of Calhoun County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Garza

Memorandum Opinion by Justice Yañez

 The trial court adjudicated appellant, Joe Angel Esparza, guilty of aggravated
assault after finding he violated the terms of his deferred-adjudication community
supervision. (1) By a single issue, appellant contends that the trial court abused its discretion
in finding that he was in possession of cocaine and marihuana. We affirm. 

I. Background 

 In 2004, pursuant to a plea agreement, appellant pleaded guilty to aggravated
assault, a second-degree felony. (2) The trial court deferred adjudication and placed him on
community supervision for seven years. (3) In 2009, the State filed a "Petition to Adjudicate
and Sentence," alleging in twelve paragraphs that appellant had violated conditions of his
community supervision. (4) Appellant pleaded "not true" to all of the State's allegations. 
Following a hearing, the trial court found the allegations in paragraphs 1, 2, 5, the second
paragraph 4, the second paragraph 5, 6, 7, 8, 9, and 10 to be "true." The trial court
adjudicated appellant guilty of aggravated assault and sentenced him to seven years'
imprisonment.

II. Standard of Review and Applicable Law 

 The trial court's decision to revoke a defendant's deferred adjudication community
supervision is reviewed under an abuse of discretion standard. (5) At a revocation hearing,
the State bears the burden of proving by a preponderance of the evidence that the
defendant violated the terms and conditions of his community supervision. (6) Proof of any
one of the alleged violations of the conditions of community supervision is sufficient to
support a revocation order. (7) At a revocation hearing, the trial court is the sole judge of the
credibility of the witnesses and the weight to be given their testimony, and we must view
the evidence in the light most favorable to the trial court's ruling. (8)

III. Discussion 

 Appellant contends only that the trial court abused its discretion in finding that he
was in possession of cocaine and marihuana. Paragraph One of the Petition to Adjudicate
alleged that appellant intentionally possessed cocaine; Paragraph Two alleged he
intentionally possessed marihuana.

 We need not address appellant's arguments regarding paragraphs one and two,
however, because appellant has not challenged the court's findings regarding paragraphs
5, the second Paragraph 4, the second Paragraph 5, 6, 7, 8, 9, and 10. (9) Because these
findings are unchallenged, and any one finding is sufficient to sustain the adjudication, the
trial court did not abuse its discretion in revoking appellant's community supervision and
adjudicating him guilty. (10) 

IV. Conclusion 


 We overrule appellant's sole issue and affirm the trial court's judgment. 










Do not publish.

Tex. R. App. P. 47.2(b).

Delivered and filed the

27th day of August, 2010. 
1. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5 (Vernon Supp. 2009). 
2. See Tex. Penal Code Ann. § 22.02(a), (b) (Vernon Supp. 2009). 
3. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5. 
4. We note that the paragraphs in the Petition are misnumbered. The sixth and seventh paragraphs
are mistakenly titled, "Paragraph Four" and "Paragraph Five," respectively. 
5. Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (holding that appellate review of an
order revoking community supervision is limited to determining whether the trial court abused its discretion). 
6. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). 
7. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); Sanchez v. State, 603 S.W.2d 869,
871 (Tex. Crim. App. 1980). 
8. Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Garrett v. State, 619 S.W.2d 172,
174 (Tex. Crim. App. 1981).
9. Paragraph 5 and the second Paragraph 4 alleged that appellant associated with persons who were
on felony probation; the second Paragraph 5 alleged appellant changed his place of residence without
permission; Paragraph 6 alleged various periods in which appellant failed to report; Paragraph 7 alleged he
violated the terms of his curfew without permission; and Paragraphs 8, 9, and 10 alleged he failed to pay
supervision fees, court costs, and monthly restitution as ordered, respectively. The State presented the
testimony of Stacy Murray, who supervised appellant's community supervision. Murray testified as to the
allegations in Paragraph 5, the second Paragraph 4, the second Paragraph 5, and Paragraphs 6 through 10. 
10. See Smith v. State, 286 S.W.3d 333, 343-44 (Tex. Crim. App. 2009) (finding that the trial court was
justified in revoking appellant's deferred-adjudication community supervision where trial court found appellant
violated three of four violations alleged, and appellant challenged only one ground); see also Gobell v. State,
528 S.W.2d 223, 224 (Tex. Crim. App. 1975) ("Since the other finding upon which probation was revoked is
unchallenged, appellant's contention, even if correct, would not show an abuse of discretion.").