Opinion issued June 2, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00696-CR

———————————

Njeri Jamyce Harper,
Appellant

V.

The State of Texas, Appellee



 



 

On
Appeal from the 262nd District Court

Harris
County, Texas



Trial Court Case No. 1160537

 



 

MEMORANDUM OPINION

Appellant, Njeri Jamyce Harper, was
charged by indictment with fraudulent use or possession of identifying
information in May 2008.[1]  According to the terms of a plea bargain, she
pleaded guilty and the trial court deferred adjudication of her guilt, placing
her on community supervision for two years. 
On May 19, 2010, the State filed a motion to adjudicate guilt, asserting
appellant had violated the terms of her community supervision by (1) committing
criminal mischief by damaging a motor vehicle;[2]
(2) committing criminal mischief by damaging a digital camera; and (3) failing
to present written verification of employment for six months.  Appellant pleaded not true.  At the hearing, the trial court revoked the
community supervision, adjudicated her guilt, and assessed punishment at
confinement for one year and $100 fine.  

In one issue, appellant argues the evidence was
insufficient to support the trial court’s determination that she had violated
the terms of her probation by committing criminal mischief.  The State argues that we must affirm because
appellant only challenges two of the three grounds for revocation.  We agree.

We review a determination to adjudicate guilt in the same
manner we review revocation of community supervision.  Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2010).  Proof of any violation of the terms of
community supervision will support an order revoking community
supervision.  O’Neal v. State, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981).  Leaving one or more grounds for revocation of
community supervision unchallenged precludes a showing of abuse of
discretion.  Gobell v. State, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975); see also Smith v. State, 286 S.W.3d 333,
342 & n.36 (Tex. Crim. App. 2009) (applying Gobell to adjudication of guilt hearing).  Because appellant does not challenge all of the
State’s allegations that she violated the terms of her community supervision,
appellant cannot establish an abuse of discretion in the trial court’s ruling.

We overrule appellant’s sole issue.

                                                                                                                                                                   
Conclusion

We affirm the judgment of the trial court.

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Yates.[3]

Do not publish.   Tex. R.
App. P. 47.2(b).











[1]           See Tex. Penal Code Ann. § 32.51(b)
(Vernon Supp. 2010).

 





[2]           See Tex. Penal Code Ann. § 28.03(a)
(Vernon Supp. 2010).





[3]           The Honorable Leslie Brock Yates, former Justice, Court of
Appeals, Fourteenth District of Texas at Houston, participating by assignment.