

**NUMBER 13-12-00146-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**CALVIN LOUIS GREEN,** <span style="float:right">**Appellant,**</span>

**v.**

**THE STATE OF TEXAS,** <span style="float:right">**Appellee.**</span>

---

**On appeal from the 24th District Court
of DeWitt County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion by Chief Justice Valdez**

Appellant, Calvin Louis Green, pleaded guilty pursuant to a plea agreement with the State to the offense of driving while intoxicated—third or more offense, a third-degree felony. *See* TEX. PENAL CODE ANN. § 49.09(b) (West Supp. 2011); *see also id.* § 49.04 (West 2012). The trial court deferred adjudication, suspended appellant's ten-year sentence, and placed him on community supervision for a period of six years. After finding that appellant had violated three terms of community supervision, the trial

court revoked appellant's community supervision, adjudicated guilt, sentenced appellant to ten years' incarceration, and imposed a $1,000 fine. By one issue, appellant contends that the trial court abused its discretion by revoking his community supervision. We affirm.

## I. THE EVIDENCE

Mindy Pawlik, a probation officer, testified that she had explained the conditions of community supervision to appellant. Pawlik stated that appellant understood that as a condition he was not to commit any crimes. Pawlik recalled explaining to appellant that he was to pay a fee of sixty dollars per month and that he had to "[p]erform satisfactorily 250 community service restitution hours on or before July 24 of 2012," with a minimum of sixteen hours per month. According to Pawlik, appellant owed sixty-nine dollars in fees and had not completed any community service restitution hours.

Latroia Herron testified that on August 9, 2011, she gave appellant a ride to the store in her mother's vehicle. Herron stated that as she drove the vehicle, appellant hit her in the face with an open hand and "busted" her lip, which began bleeding. Herron testified that appellant then pulled her down below the steering wheel by the hair. According to Herron, she stopped the vehicle and appellant continued hitting her and kept telling her to shut up. Herron stated that appellant told her that she hurt him and that he was going to make sure that she did not hurt anybody else. Herron explained that she attempted to drive the vehicle into town and that appellant, who had pulled out a knife, told her to turn around. Herron stated that she begged and pleaded with appellant and told him to consider her children. According to Herron, appellant responded that she did not care about her children and that he was going to make sure

2

that she did not hurt another man. Herron stated that appellant repeatedly hit her as she continued driving.

Herron testified that when she asked appellant if she could drive home, he cut her arm with the knife. Herron stated that she was scared and trying to find a way out of the vehicle. According to Herron, appellant told her that he was "going to mess [her] up so bad they could not identify [her] body" and that "there was not going to be no coming back." Herron stated, "I eased my mama's car into that ditch on that side of the road and that's when it was like a tussle like and I was holding to his shirt saying no, no, and I could see the knife in his hand. I seen everything go up, and all of the sudden it just like hit my neck, went down." According to Herron, when she looked down, she saw blood "gushing" out of the wound "like a faucet," and appellant said, "It's too late. Stop fighting. Stop fighting. I already cut you."

Herron stated that she managed to take the knife away from appellant and to exit the vehicle. Herron was transported to the hospital by a passer-by. Herron testified that she believed that appellant was trying to kill her. According to Herron, appellant severed her "small jugular vein in two" and she had to have emergency surgery.[1] Herron stated that the doctors told her that appellant missed the "big jugular vein by a hair."

Beatrice Herron, Latroia's mother, testified that on August 9, 2011, appellant called her and said, "I cut your daughter."

---

[1] The record reflects that Herron showed the trial court a five-inch scar starting below her ear to her throat. Herron also showed the trial court a two-inch scar on her arm. According to Herron, the knife was razor sharp.

## II.    STANDARD OF REVIEW AND APPLICABLE LAW

The trial court's decision to revoke a defendant's deferred adjudication community supervision is reviewed under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). At a revocation hearing, the State bears the burden of proving by a preponderance of the evidence that the defendant violated the terms and conditions of his community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Proof of any one of the alleged violations is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980). At a revocation hearing, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we must view the evidence in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd); *Martinez v. State*, 6 S.W.3d 674, 680 (Tex. App.—Corpus Christi 1999, no pet.).

## III.    DISCUSSION

Appellant contends only that the trial court abused its discretion in finding that he violated his community supervision by committing the offense of attempted murder.

The State alleged that appellant violated his community supervision by doing the following: committing the offense of attempted murder; failing to pay his monthly supervisory fees; and failing to complete court ordered community service restitution hours. Therefore, we need not address appellant's arguments regarding whether he committed the offense of attempted murder because there was evidence presented that he violated the conditions of community supervision by failing to pay the supervisory

4

fees and failing to complete the court ordered community service restitution hours. Appellant has not challenged those grounds for supporting the trial court's revocation of appellant's community supervision. Because these findings are unchallenged, and any one finding is sufficient to sustain adjudication, the trial court did not abuse its discretion in revoking appellant's community supervision and adjudicating him guilty. *See Smith v. State*, 286 S.W.3d 333, 343 (Tex. Crim. App. 2009) (finding that the trial court was justified in revoking the appellant's community supervision where trial court found appellant violated three of four violations alleged, and appellant challenged only one ground); *see also Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975) ("Since the other finding upon which probation was revoked is unchallenged, appellant's contention, even if correct, would not show an abuse of discretion."); *see also Wiley v. State*, No. 13-11-00130-CR, 2012 Tex. App. LEXIS 279, at *2–4 (Tex. App.—Corpus Christi Jan. 12, 2012, no pet.) (mem. op., not designated for publication) (concluding that trial court had not abused its discretion in revoking the appellant's community supervision even if the trial court erred in the admission of evidence because the appellant did not challenge the other alleged violations not affected by trial court's error); *DeLeon v. State*, No. 13-10-00581-CR, 2012 Tex. App. LEXIS 2083, at *10–12 (Tex. App.—Corpus Christi Mar. 15, 2012) (mem. op., not designated for publication) (overruling the appellant's claim that the trial court abused its discretion by revoking his community supervision because the appellant did not challenge all grounds supporting the trial court's revocation). We overrule appellant's sole issue.

## IV.   CONCLUSION

We affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
26th day of July, 2012.