**Affirmed and Memorandum Opinion filed December 18, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00644-CR

## OMAR SALAZAR, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 15CR0517**

## M E M O R A N D U M   O P I N I O N

Appellant Omar Salazar appeals the trial court's judgment adjudicating him guilty of the second-degree felony offense of aggravated assault with a deadly weapon and sentencing him to nineteen years in prison. In two issues, appellant challenges the sufficiency of the evidence supporting the trial court's findings that appellant violated certain conditions of his deferred adjudication community supervision. Because appellant's pleas of true to three other unchallenged violations are sufficient to support the trial court's judgment, we affirm.

## BACKGROUND

In 2015, appellant pleaded guilty to the second-degree offense of aggravated assault with a deadly weapon in exchange for seven years' deferred community supervision. The trial court later amended the terms of the community supervision to also require appellant to participate in substance abuse treatment services and to remain in therapy until released by the substance abuse treatment program.

Before appellant's community supervision period ended, the State moved to revoke community supervision and adjudicate appellant's guilt based on allegations that appellant had violated certain conditions of his community supervision. The State amended its allegations several times, and on July 3, 2017, a hearing was held on the State's third amended motion to revoke.

At the hearing, appellant pleaded true to allegations that he had failed to report to his community supervision officer as ordered for the months of November and December 2016; failed to participate in community service work as approved by the court at a rate of no less than sixteen hours per month until completed; was unsuccessfully discharged from supportive outpatient treatment (the substance abuse treatment program); and failed to pay certain fees and costs. Appellant pleaded not true to other alleged violations, including an allegation that in October 2016, appellant committed the offense of assault causing bodily injury.

After the presentation of evidence, the trial court announced that it had found some of the State's allegations true and others not true. The trial court also announced its decision to adjudicate appellant guilty of the original offense and sentence him to nineteen years in the Institutional Division of the Texas Department of Criminal Justice. The trial court signed a judgment on July 5, 2017, but later clarified its rulings in a nunc pro tunc judgment signed on February 5, 2018.

ANALYSIS

In his first issue, appellant contends that the evidence is insufficient to support the trial court's finding that appellant violated a condition of his community supervision by committing the offense of assault causing bodily injury. In his second issue, appellant contends that his plea of true to the failure to pay certain fees and costs did not relieve the State of its burden to prove that appellant had the ability to pay and failed to do so, and he asserts that the evidence is insufficient to support a finding that appellant's failure to pay was willful.

We review a trial court's judgment revoking community supervision and adjudicating guilt for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Guerrero v. State*, 554 S.W.3d 268, 273 (Tex. App.— Houston [14th Dist.] 2018, no pet.). The trial court has discretion to revoke community supervision when a preponderance of the evidence supports at least one of the State's alleged violations of the conditions of community supervision. *Guerrero*, 554 S.W.3d at 273 (citing *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012)).

Proof of a single violation is sufficient to support a revocation of community supervision. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *see Smith v. State*, 286 S.W.3d 333, 342 & n.36 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision." (quoting *Jones v. State*, 571 S.W.2d 191, 193– 94 (Tex. Crim. App. 1978))). Thus, to prevail on appeal, a defendant must successfully challenge all the findings that support the trial court's revocation order. *See Garcia*, 387 S.W.3d at 26; *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Guerrero*, 554 S.W.3d at 274.

Appellant complains that the trial court abused its discretion in finding true the allegations that appellant committed the offense of assault causing bodily injury and failed to pay certain fees and costs, but he does not challenge the trial court's findings that appellant (1) failed to report to his community supervision officer; (2) failed to participate in community service work; and (3) failed to successfully complete supportive outpatient treatment for substance abuse. As noted above, appellant pleaded true to each of these allegations. The State also presented evidence supporting each allegation.

Generally, a defendant's plea of true is sufficient on its own to support a trial court's decision to revoke community supervision and adjudicate guilt. *See Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2012) ("A plea of true, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt."). Therefore, we need not address the sufficiency of the evidence to support the findings of assault causing bodily injury and the failure to pay certain fees and costs because the trial court's revocation of appellant's community supervision is supported by appellant's plea of true to any one of the three unchallenged findings. *See id.*; *Garcia*, 387 S.W.3d at 26; *Guerrero*, 554 S.W.3d at 274; *see also Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975) ("Since the other finding upon which probation was revoked is unchallenged, appellant's contention, even if correct, would not show an abuse of discretion."); *Norton v. State*, 434 S.W.3d 767, 773 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (holding that trial court did not abuse its discretion in revoking appellant's community supervision based on her plea of true to failing to complete the required community service and concluding that it was thus unnecessary to address appellant's challenges to four other alleged grounds for revocation).

## CONCLUSION

We conclude that appellant's pleas of true to three violations of the conditions of his community supervision that are not challenged on appeal are sufficient to support the trial court's judgment revoking appellant's community supervision and adjudicating guilt. We affirm the trial court's judgment.

/s/    Ken Wise
Justice

Panel consists of Justices Donovan, Wise, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).