

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00702-CR

Jesse Gregory **NARVAIZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR0351
Honorable Frank J. Castro, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Luz Elena D. Chapa, Justice
Beth Watkins, Justice

Delivered and Filed: October 21, 2020

AFFIRMED

Appellant pled no contest to a third charge of driving while intoxicated as part of a plea agreement with the State. Pursuant to the agreement, the trial court found Narvaiz guilty, fined him $1,500, and sentenced him to four years in prison. The court suspended the sentence of confinement and placed Narvaiz on community supervision for a period of four years. The State later filed motions to revoke Narvaiz's community supervision, alleging he violated various conditions of his community supervision. Narvaiz pled true to allegations he failed to report to his supervision officer in September, November, and December of 2018 and in each month January

through July of 2019. Narvaiz also pled true to leaving the county in August 2019 without written permission of the court or his supervision officer. The State abandoned several of its allegations, and Narvaiz pled not true to allegations that he failed to report a change of address and that he committed the offense of failing to identify himself to a police officer by providing false information.

After an evidentiary hearing, the trial court found the allegation Narvaiz failed to give notice of a change of address to be not true. The court found true the allegations Narvaiz violated the terms of his community supervision by committing the offense of failure to identify, failing to report to his supervision officer as required in ten separate months, and leaving the county without permission. The court revoked Narvaiz's community supervision and imposed a sentence of three years in prison and a $1,500 fine. Narvaiz timely appealed. His sole issue on appeal is that the officer who arrested Narvaiz for failure to identify did not have reasonable suspicion to initiate an investigative stop.

We review the trial court's order revoking probation for abuse of discretion. *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). Only one sufficient ground is necessary to support a trial court's decision to revoke community supervision. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). And a plea of true, standing alone, is sufficient to support revocation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Narvaiz does not challenge three of the grounds to which he pled true and which the trial court found to be true. Those grounds and Narvaiz's plea of true to them are sufficient to support the trial court's order revoking his probation. We therefore do not address his sole argument. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) ("We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation."); *Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975) ("Since the other

finding upon which probation was revoked is unchallenged, appellant's contention, even if correct, would not show an abuse of discretion.")

The trial court did not abuse its discretion in revoking Narvaiz's community supervision. We affirm the judgment.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH