**Opinion filed February 11, 2021**



# In The

# Eleventh Court of Appeals

_____

## No. 11-19-00087-CR

_____

## TERRY LEWIS DAY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR19701**

### M E M O R A N D U M   O P I N I O N

Appellant, Terry Lewis Day, pleaded guilty to the offense of indecency with a child. *See* TEX. PENAL CODE ANN. § 21.11(a)(2)(A) (West 2019). The trial court deferred the adjudication of Appellant's guilt and placed Appellant on community supervision for a period of eight years. Near the end of that period, the State filed a motion to adjudicate guilt. Ultimately, Appellant's community supervision was modified and extended for an additional two years. Subsequently, the State moved to adjudicate Appellant's guilt on the grounds that he had violated five conditions of

his community supervision. At the hearing on the motion to adjudicate, the State waived one of its allegations, and Appellant pleaded "not true" to the remaining four allegations. After it found the four allegations in the State's motion to be true, the trial court adjudicated Appellant guilty of the offense of indecency with a child, revoked his community supervision, and assessed punishment at imprisonment for two years. On appeal, Appellant only challenges three of the trial court's findings. We affirm.

When it revoked Appellant's community supervision, the trial court made the following findings: (1) Appellant failed to submit to a polygraph test; (2) Appellant possessed and used a computer with access to the internet without prior approval; (3) Appellant viewed, received, downloaded, transmitted, or possessed pornographic, sexually oriented material, or nude images; and (4) Appellant failed to install, at his expense, any hardware or software systems to monitor his computer use. On appeal, Appellant does not raise any challenge with respect to the trial court's third finding. Therefore, because one sufficient ground will support a trial court's revocation order, we need not address Appellant's issues on appeal. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980); *Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975); *see* TEX. R. APP. P. 47.1. We hold that the trial court did not abuse its discretion when it revoked Appellant's community supervision.

We affirm the judgment of the trial court.

W. STACY TROTTER

February 11, 2021                                  JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.