

**NUMBER 13-12-00750-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**BODERICK HOLCOMBE,**                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                              **Appellee.**

---

**On appeal from the 148th District Court
of Nueces County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Valdez**

On April 14, 2011, appellant, Broderick Holcombe, was charged by indictment with the second-degree felony offense of possession of cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2010). Pursuant to a plea bargain agreement, appellant pleaded guilty to the charge, confessed to committing the offense, and stipulated to evidence supporting his plea. The trial court accepted appellant's plea,

deferred adjudication of appellant's guilt, and placed him on community supervision for six years. On July 10, 2012, the State filed an amended motion to adjudicate appellant's guilt and revoke his community supervision, alleging he had violated thirteen conditions of his community supervision. The trial court heard the State's amended motion on October 18, 2012, where appellant pleaded true to eleven of the thirteen allegations. The trial court accepted appellant's pleas, received evidence, and subsequently found that all thirteen allegations set forth in the State's motion to adjudicate were true. The court adjudicated appellant's guilt, revoked his community supervision, and assessed his punishment at twenty years confinement in the Institutional Division of the Texas Department of Criminal Justice.

By his first issue, appellant challenges the revocation of his community supervision on the ground that he did not commit the offense of aggravated robbery. By his second issue, appellant challenges the constitutionality of his sentence. We affirm.

## I. REVOCATION OF COMMUNITY SUPERVISION

By his first issue, appellant contends that because the State did not prove by a preponderance of the evidence that he committed the offense of aggravated robbery, one of the alleged violations, the revocation violated his due process rights and privileges under the Fifth and Fourteenth Amendments of the U.S. Constitution. *See* U.S. CONST. amend. V, XIV. Appellant contends that this Court should find the allegation of aggravated robbery "not true" and render a judgment returning him to community supervision under the previous terms and conditions set forth by the trial court.

### A. Standard of Review and Applicable Law

The trial court's decision to revoke a defendant's deferred adjudication community supervision is reviewed under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). At a revocation hearing, the State bears the burden of proving by a preponderance of the evidence that the defendant violated the terms and conditions of his community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Proof of any of the alleged violations is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980). At a revocation hearing, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we must view the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981).

### B. Analysis

The State alleged that appellant violated his community supervision by: (1) committing the offense of aggravated robbery; (2) testing positive for benzodiazepines following arrest; (3) testing positive for marihuana following arrest; (4)–(5) failing to report to his probation officer as directed on two occasions; (6) failing to pay court costs; (7) failing to pay monthly supervision fees; (8) failing to pay urinalysis fees; (9) failing to report any new arrest; (10) being unsatisfactorily discharged from a drug treatment program; (11) failing to satisfactorily complete another required program; (12) failing to complete the required number of community service restitution hours; and (13) failing to observe curfew.

Here, appellant pleaded "true" to eleven of the thirteen allegations in the State's amended motion to adjudicate and revoke. Appellant's pleas of "true" to these violations are sufficient to support the trial court's revocation of his community supervision, regardless of whether the State met its burden to prove that appellant committed the offense of aggravated robbery. *See Smith v. State*, 286 S.W.3d 333, 343–44 (Tex. Crim. App. 2009) (finding that the trial court was justified in revoking the appellant's community supervision where the trial court found that the appellant committed three of four violations alleged, and appellant challenged only one ground); *see also Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975) ("Since the other finding upon which probation was revoked is unchallenged, appellant's contention, even if correct, would not show an abuse of discretion."); *see also Wiley v. State*, No. 13-11-00130-CR, 2012 Tex. App. LEXIS 279, at *2–4 (Tex. App.—Corpus Christi Jan. 12, 2012, no pet.) (mem. op., not designated for publication) (concluding that even if the trial court erred in the admission of evidence, it had not abused its discretion in revoking the appellant's community supervision because the appellant did not challenge the other alleged violations not affected by trial court's error); *see also DeLeon v. State*, No. 13-10-00581-CR, 2012 Tex. App. LEXIS 2083, at *10–12 (Tex. App.—Corpus Christi Mar. 15, 2012, no pet.) (mem. op., not designated for publication) (overruling the appellant's claim that the trial court abused its discretion by revoking his community supervision because the appellant did not challenge all grounds supporting the trial court's revocation). Therefore, the trial court did not abuse its discretion in revoking appellant's community supervision and adjudicating him guilty. We overrule appellant's first issue.

4

## II. CONSTITUTIONALITY OF THE SENTENCE

By his second issue, appellant contends that the sentence imposed by the trial court was disproportionate to the seriousness of the alleged offense, in violation of the Eighth and Fourteenth Amendments to the United States Constitution. *See* U.S. CONST. amend. VIII, XIV. Specifically, appellant argues that the sentence is cruel, unusual, and grossly disproportionate to the severity of his crime.

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fine imposed, nor cruel and unusual punishment inflicted." *See* U.S. CONST. amend. VIII, XIV. The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. *See* U.S. CONST. amend. XIV. Yet, it is possible for this right, and every constitutional or statutory right, to be waived by a "failure to object." *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986). Generally, to preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). The failure to specifically object to an alleged disproportionate or cruel and unusual sentence in the trial court or in a post-trial motion waives any error for our review. *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd) (providing that "by failing to object to the trial court's sentence, [the appellant] forfeited his complaint" that the

sentence was cruel and unusual); *see also Daliet v. State*, No. 13-11-00611-CR, 2013 Tex. App. LEXIS 3871, at *5 (Tex. App.—Corpus Christi Mar. 28, 2013, pet. ref'd) (mem. op., not designated for publication) (holding in regards to an appeal on proportionality of sentencing that, "appellant acknowledges that no objection was made to the sentence in the trial court, but invites us to review the sentence under our inherent power. The error being unpreserved, we decline the invitation.").

Appellant complains for the first time on appeal that his Eighth Amendment rights have been violated because the sentence is cruel, unusual, and grossly disproportionate to the offense committed. Appellant did not object to the sentence at the punishment hearing or in any post-trial motion. Therefore, his argument is not preserved for our review. *See* TEX. R. APP. P. 33.1(a); *Noland*, 264 S.W.3d at 151; *Trevino*, 174 S.W.3d at 928; *see also Daliet*, 2013 Tex. App. LEXIS 3871, at *5. We overrule appellant's second issue.

### III. CONCLUSION

We affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
13th day of June, 2013.

6