

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00068-CR
_____

RICHARD W. PIERCE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1325728D, Honorable Mollee Westfall, Presiding

August 29, 2014

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Richard W. Pierce, appeals the trial court's judgment adjudicating him guilty of and sentencing him to sixty years' imprisonment for the second-degree felony offense of aggravated assault with a deadly weapon.[1]  On appeal, he challenges the trial court's decision to adjudicate him guilty of said offense on the basis that the evidence was insufficient to support the trial court's findings that he violated the terms and conditions of his deferred adjudication community supervision.  We will affirm.

_____

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

## Factual and Procedural History

In July 2013, appellant pleaded guilty to charges of aggravated assault with a deadly weapon. In exchange for his plea of guilty, appellant was placed on deferred adjudication community supervision for a period of seven years. As a part of his community supervision, appellant was subject to a number of terms and conditions. More specifically, the terms and conditions of his deferred adjudication community supervision ordered him to abide by, *inter alia*, the following conditions: (1) commit no offense against the laws of this State or of any other State or of the United States; (2) do not possess, own, or attempt to purchase a firearm or weapon; (3) serve eight days' confinement in the Tarrant County Jail, beginning August 30, 2013, and to be served on weekends when appellant books into jail each Friday at 9:00 p.m. and books out each Monday at 5:00 a.m.; (4) participate in and successfully complete a batterer's intervention and prevention program; (5) submit to urine test at the direction of the community supervision officer; (6) notify the community supervision officer of a change in address or employment within five days; and (7) pay $60.00 per month as a supervision fee.

The State moved to proceed to adjudication on September 26, 2013, alleging that, by nine acts or omissions, appellant had violated each of the above-referenced conditions of community supervision.[2] Appellant pleaded not true to those allegations, and a hearing was held on the State's motion in January 2014, at which the State

---

[2] To clarify, the State alleged that appellant violated the commit-no-criminal-offense condition of his supervision in three different manners: by fleeing from police officers, by possessing a firearm as a convicted felon, and by committing aggravated assault on a public servant, all offenses being in connection with the interaction with officers from the White Settlement Police Department on September 17, 2013, described later.

presented evidence of these violations and at the end of which the trial court found true all nine allegations relating to appellant's violations of the terms and conditions of his deferred adjudication community supervision. The trial court imposed a punishment of sixty years' incarceration.

Appellant timely appealed the trial court's judgment. On appeal, appellant contends that the trial court abused its discretion by adjudicating him guilty of the original charged offense of aggravated assault with a deadly weapon because the evidence was insufficient to show four of the bases upon which the trial court adjudicated appellant's guilt. We will overrule his contentions and affirm the trial court's judgment.

Applicable Law and Standard of Review

Given the unique nature of a revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing sufficiency of the evidence do not apply. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). Instead, we review the trial court's decision regarding community supervision revocation for an abuse of discretion and examine the evidence in a light most favorable to the trial court's order. *See Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). In determining questions regarding sufficiency of the evidence in community supervision revocation cases, the burden of proof is by a preponderance of the evidence. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (en banc)). A preponderance of the evidence exists when the greater weight of the credible

evidence creates a reasonable belief that the defendant has violated a condition of his or her supervision. *See id.* at 764; *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974). The trial judge is the trier of fact and the arbiter of the credibility of the testimony during a hearing on a motion to adjudicate. *See Garrett*, 619 S.W.2d at 174. Proof of a violation of a single term and condition of community supervision is sufficient to support a trial court's decision to adjudicate. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd).

Analysis

White Settlement Police Department Sergeant Roger Yount testified at the hearing, as did Telena Wooden, appellant's community supervision officer. Appellant testified as well. The evidence depicts a scenario in which two officers were attempting to serve a blue warrant on appellant, who was outside in the front of his mother's house and who, when he saw the two officers' vehicles converging on the house, took off running into the backyard. The officers gave chase and attempted to gain his compliance by identifying themselves as officers and directing him to stop, but appellant continued his attempt to escape and took refuge in a shed located in his mother's backyard. In the shed, he fired two shots from a nine millimeter pistol—one that he testified he kept in the shed and not on his person—at least one shot of which was in the direction of Yount, who had taken shelter behind a tree in the backyard upon hearing gunfire. Following suicidal pronouncements by appellant and invitations for the officers to shoot him, appellant finally surrendered by coming out of the shed, removing

4

the gun's magazine, emptying its chamber, laying the gun on the ground, and then laying himself on the ground so the officers could arrest him without further incident.

At the conclusion of the testimony presented at the hearing on the State's application, the trial court found all nine of the State's alleged violations to be true:

> Mr. Pierce, based on the evidence presented today, the Court will find Paragraph 1 to be true, Paragraph 2 to be true, Paragraph 3 to be true, Paragraph 4 to be true, Paragraph 5 to be true, Paragraph 6 to be true, Paragraph 7 to be true, Paragraph 8 to be true, and Paragraph 9 to be true, find that you violated the terms and conditions of your probation, and find you guilty of the offense of aggravated assault with a deadly weapon, to-wit: a knife, find the deadly weapon allegation to be true, and find the habitual offender count to be true.

On appeal, appellant contends that the evidence was insufficient to support the trial court's findings that appellant violated the terms and conditions of his community supervision in the following ways: (1) by committing the criminal offense of aggravated assault of a public servant; (2) by failing to participate and successfully complete the batterer's intervention and prevention program; (3) by failing to notify his supervision officer of a change of address within five days of such change; and (4) by failing to pay his supervision fees because the State failed to prove that appellant was financially able to pay such fees. Consequently, he has left unchallenged five of the nine grounds found true by the trial court and representing several of the trial court's bases for revoking appellant's deferred adjudication community supervision and adjudicating him guilty of aggravated assault with a deadly weapon, as originally charged.

Appellant leaves unchallenged the trial court's findings that he committed criminal offenses by evading arrest or detention when he fled from peace officers and also by possessing a firearm as a felon. *See* TEX. PENAL CODE ANN. § 38.04 (West

5

Supp. 2014), § 46.04 (West 2011). Appellant also fails to attack the sufficiency of the evidence in support of the trial court's finding that he possessed a firearm in violation of another express condition of his community supervision. He likewise leaves unchallenged the trial court's finding that he failed to serve the required eight days' confinement in the Tarrant County Jail per the terms and conditions of his supervision. Also uncontested is the trial court's finding that appellant failed to submit to a urine test at the direction of his community supervision officer.

We reiterate that proof of a single violation is sufficient to revoke a defendant's community supervision. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). From that general proposition, to prevail on appeal, an appellant must successfully challenge all the findings that support the revocation order. *See Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (citing *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978)).

Here, we have five bases for revocation that are left unchallenged. That said, appellant has failed to make the requisite showing that the trial court abused its discretion by revoking appellant's community supervision and adjudicating him guilty of aggravated assault with a deadly weapon. *See Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975) ("Since the other finding upon which probation was revoked is unchallenged, appellant's contention, even if correct, would not show an abuse of discretion."); *Loomis v. State*, No. 07-06-00281-CR, 2007 Tex. App. LEXIS 82, at *2 (Tex. App.—Amarillo Jan. 8, 2007, no pet.) (per curiam) (mem. op., not designated for publication) (observing that appellant failed to attack each of the various grounds justifying trial court's decision to adjudicate guilt and noting that proof of any one of

6

them is sufficient to support the order revoking probation); *see also Smith v. State*, 286 S.W.3d 333, 343–44 (Tex. Crim. App. 2009) (in ineffective assistance of counsel context, finding that appellant could not show prejudice by alleged deficiency because, even assuming his contentions were true and correct, he challenged only one of three community supervision violations found true by the trial court); *Castro-Marquez v. State*, No. 14-11-00314-CR, 2011 Tex. App. LEXIS 10068, at *5–6 (Tex. App.—Houston [14th Dist.] Dec. 22, 2011, no pet.) (per curiam) (mem. op., not designated for publication) (citing *Moore*, 605 S.W.2d at 926, in support of conclusion that "we can uphold the trial court's revocation of probation on those unchallenged grounds").  Accordingly, having concluded that appellant has failed to show that the trial court abused its discretion, we overrule appellant's points of error on appeal.

## Conclusion

Having overruled appellant's points of error on appeal, we affirm the trial court's judgment adjudicating appellant's guilt.  *See* TEX. R. APP. P. 43.2(a).


Mackey K. Hancock
Justice


Do not publish.