**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00271-CR**
_____

**ANTHONY MICHAEL HENNARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-04-04166-CR**

**MEMORANDUM OPINION**

In this appeal, Anthony Michael Hennard challenges the trial court's decision

to revoke the order it issued placing Hennard on community supervision, and then

found Hennard guilty of the offense of indecency with a child by exposure.[1] In one

issue, Hennard argues that his trial counsel rendered ineffective assistance by failing

---

[1] *See* Tex. Penal Code Ann. § 21.11(a)(2) (West Supp. 2011) (Indecency with
a Child).

1

to advise him before he decided to plead true to violating the community supervision order that he could have challenged the admissibility of the results of a polygraph examination required by the order.

Because Hennard pleaded true to violating the community supervision order in ways that are independent of any issues surrounding the results of his polygraph, we affirm.

## Background

In 2014, and based on the terms of a plea agreement, Hennard pleaded guilty to the crime of indecency with a child by exposure.[2] In carrying out the agreement, the trial court deferred pronouncing Hennard guilty on the charge and placed him on community supervision for a period of five years.

Around two years later, the State moved to revoke the trial court's community supervision order. According to the State, Hennard violated the order in sixty separate ways. During the hearing on the motion, Hennard pleaded "true" to thirty of the alleged violations and "not true" to the others. After the hearing, the trial court found all the violations alleged in the State's motion to be true. Based on those findings, the trial court revoked the community supervision order, found Hennard

---

[2] *Id.*

guilty of the allegations in the indictment used to charge him with indecency, and assessed a seven-year sentence.

In his brief, Hennard argues that his attorney should have advised him to plead "not true" to the allegations in the motion to revoke that would have required the State to present evidence about the polygraph examination that Hennard took while on community supervision. According to Hennard, his attorney should have advised him that he could challenge the admissibility of the results of the polygraph by claiming that the State obtained the evidence in violation of his Fifth Amendment rights, which prohibits the use of evidence obtained from a defendant without first warning the defendant that the evidence could be used against him. *See* U.S. Const. amend. V.

## Standard of Review

We review a trial court's decision to revoke a community supervision order using an abuse-of-discretion standard.[3] To prevail in a revocation hearing, the State must establish, by a preponderance of the evidence, that the defendant violated at least one term or condition of the community supervision order.[4] Much like the

---

[3] *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).

[4] *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) (noting that one violation is sufficient to affirm a trial court's decision revoking an order placing a defendant on community supervision); *Gobell v. State*, 528 S.W.2d 223 (Tex. Crim.

3

circumstances before the Court of Criminal Appeals in *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009), Hennard claims only that his counsel was ineffective based on the manner he handled some, but not all, of the allegations in the State's motion.

In general, "[a] plea of true, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt."[5] Usually, establishing that a defendant violated a single condition of a community supervision order allows an appellate court to affirm the trial court's ruling revoking the order used to place a defendant on community supervision.[6] Because Hennard is claiming he received ineffective assistance of counsel, he must establish that "but for his counsel's unprofessional errors, the results of the proceedings would have been different."[7] "Direct appeal is usually an inadequate vehicle for raising such a claim because the

---

App. 1975) (explaining that the trial court did not abuse its discretion in revoking the defendant's probation when the defendant failed to challenge all the grounds on which the trial court revoked its decision placing the defendant on community supervision).

[5] *Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980)).

[6] *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) (stating that "proof of a single violation will support revocation").

[7] *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

4

record is generally undeveloped."[8] The problems created by an inadequate record applies when the defendant claims "deficient performance" by his counsel, as without a fully developed record, counsel's reasons for failing to do something are rarely apparent from the record.[9] Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective."[10] When trial counsel's explanation is not in the record, the appellate court should not find counsel was deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it."[11]

Analysis

On appeal, Hennard argues his counsel was ineffective because he failed "to advise [Hennard] not to plead true to those eleven [violations in the State's motion to adjudicate that were dependent on the polygraph results], as they formed a substantial part of the State's case, and should not have been considered by the Court in her ruling to revoke [Hennard's] probation, and/or to punish him with seven (7)

---

[8] *Menefield v. State*, 363 S.W.3d 591, 592-93 (Tex. Crim. App. 2012) (citing *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)).

[9] *Id*. at 593.

[10] *Menefield*, 363 S.W.3d at 593 (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

[11] *Id*. at 593.

5

years in TDCJ-ID." Hennard concludes the trial court would have ruled differently had his attorney advised him to plead not true on the violations on which the State would have needed to ask the court to admit the polygraph.

Hennard has not claimed that trial counsel was ineffective for failing to advise him to plead true to all the violations that the trial court relied on in revoking the community supervision order. And significantly, most of the trial court's findings relevant to Hennard's violations are unrelated to any questions about the admissibility of the results of his polygraph. Thus, Hennard cannot show the outcome of the hearing would have been different had he pleaded not true to the allegations that might have required the State to ask the trial court to consider the polygraph. The record also fails to establish that the trial court gave Hennard a more severe punishment than he would have received had he elected to plead not true to the allegations that he claims his counsel should have recommended that he challenge.

## Conclusion

We conclude the record supports the trial court's judgment.[12] We overrule Hennard's sole issue and affirm the judgment.

---

[12] *See Smith*, 286 S.W.3d at 342.

AFFIRMED.

                                                  _____

                                                       HOLLIS HORTON
                                                          Justice

Submitted on August 13, 2018
Opinion Delivered September 12, 2018
Do Not Publish

Before Kreger, Horton and Johnson, JJ.